IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. LEASTER MILLS, Defendant. | No. CR07-4026-DEO ORDER FOR PRETRIAL DETENTION |

On the 24th day of April 2007, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Kevin C. Fletcher. Defendant Leaster Mills appeared personally and was represented by his attorney, John P. Greer.

## RELEVANT FACTS

On April 18, 2007, Defendant Leaster Mills was charged by Indictment (docket number 2) in two counts: Count 1 - conspiracy to distribute five grams or more of crack cocaine; and Count 2 - possession with intent to distribute five grams or more of crack cocaine. Mills entered a plea of not guilty and trial is now scheduled on July 2, 2007.

Sioux City Police Officer Carl Ragar testified that he has been a member of the Tri-State Drug Task Force for approximately the last two and a half years. According to Officer Ragar, on December 22, 2006, officers responded to a noise complaint at 1700 Jackson Avenue, apartment 304, in Sioux City. Defendant Leaster Mills was found alone in the apartment, with 128 packages of crack cocaine in plain view. The total weight of the cocaine base was 19.77 grams. Mills admitted to officers at the time that he knew the substance was crack cocaine. According to Ragar, other witnesses will testify that they have purchased crack cocaine from the Defendant.

1

Mills was born and raised in the Chicago area. According to the Pretrial Services Report, Mills told the Pretrial Services officer that he moved to Sioux City in approximately September 2006. Mills' girlfriend, Latonya Harrison, testified that he has lived in Sioux City since February 2005 and they have one child, age 5. However, that child and Harrison's other two children are in foster care. According to the Pretrial Services Report, Mills has two older children who reside with their mother in the Chicago area.

Mills has not worked since he moved to Iowa. Mills told the Pretrial Services officer that he has worked at approximately thirty different jobs in Chicago since age 18. A majority of the jobs were in restaurants/fast foods or cleaning jobs.

Mills admitted to the Pretrial Services officer that he used marijuana and cocaine daily prior to his arrest on December 22, 2006. A review of his prior record reflects four convictions for possession of cannabis. Mills denies that he has a drug problem, however, and has never sought drug treatment.

According to the Pretrial Services Report, Mills has at least one conviction for robbery in 1996 and three convictions for domestic battery. Mills also has two convictions for knowingly damaging property.

In support of his request that he be released on conditions, the Defendant proffered testimony that if he is released prior to trial, he can live with his sister in Sioux City and her seven children.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society

2

liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755, 107 S. Ct. at 2105.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987), *aff'd*, 822

3

F.2d 1095 (table) (8th Cir. 1987). In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Mills was charged by Indictment with conspiracy to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). These charges establish a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community. In an effort to rebut the presumption, Mills offered the testimony of his girlfriend and proffered testimony regarding his ability to live with his sister.

The Defendant is charged with serious drug offenses which, if he is convicted, may result in a substantial punishment. The Defendant's ties to the community are tenuous. Mills told the Pretrial Services Officer that he moved to Sioux City in September 2006, just months prior to his arrest in December 2006. Mills has not been employed while living in the state and, in fact, has apparently not maintained long-term employment. Mills has numerous prior drug convictions and admits to daily use of marijuana and cocaine. The evidence against the Defendant is substantial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convicting evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. In addition, the Court finds by a preponderance of the

4

Case 5:07-cr-04026-MWB   Document 11   Filed 04/25/07   Page 4 of 5

evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that the Defendant should be detained prior to trial. The Defendant was advised in open court of his right to appeal this decision to the District Court.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 25th day of April, 2007.

_____
JON STUART SCOLES
Magistrate Judge
UNITED STATES DISTRICT COURT

5

Case 5:07-cr-04026-MWB   Document 11   Filed 04/25/07   Page 5 of 5